IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEANDREA LAMONT GREER § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:16-cv-3426-M |
| § | |
| WAL-MART STORES, INC. and § | |
| KENEDY MAINA, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment [ECF #17], filed by Defendants Wal-Mart Stores, Inc. and Kenedy Maina. For the reasons stated, the Motion is GRANTED.

## **Background**

In this civil action, Plaintiff Deandrea Lamont Greer asserts claims against Defendants arising out of Plaintiff's August 2014 arrest on shoplifting charges. *See* Pl. Orig. Pet., Def. MSJ App., Ex. 1. Defendant Wal-Mart Stores, Inc. owns and operates a Walmart Supercenter store in Garland, Texas. *Id.* at 2, ¶10. Defendant Kenedy Maina has worked as a Loss Prevention Associate at the Garland Supercenter store since December 2007. *Id.*, ¶11; *see also* Maina Aff., Def. MSJ App., Ex. 2, ¶2. On May 30, 2014, Defendants informed police that Plaintiff, a former Wal-Mart employee, shoplifted from the Garland Supercenter. Pl. Orig. Pet. at 3, ¶12. The police arrested Plaintiff in August 2014 on shoplifting charges based on Defendants' May 30, 2014 report. *Id.*, ¶13. However, the Dallas County District Attorney's Office dismissed the charges on October 16, 2015. *Id.* at 4, ¶22.

Plaintiff denies that he shoplifted from the Garland Supercenter store, or that he even went to the store on May 30, 2014. *Id.* at 3, ¶13. According to Plaintiff, Defendant Maina harbors

1

ill will towards Plaintiff from the period when they both worked at the Garland Supercenter. *Id.* at 3, ¶14. Plaintiff alleges that Defendant Maina falsely accused him of theft and made several false reports to police and the District Attorney that Plaintiff had shoplifted from the Garland Supercenter on May 30, 2014. *Id.*, ¶¶15, 20. As a result of Defendants' accusations, Plaintiff claims he was arrested and placed in handcuffs in the presence of his four-year-old daughter, had his car impounded, remained in jail for six days because he was unable to post bail, and was forced to incur significant expense to fight the charges that were ultimately dismissed. *Id.*, ¶¶ 15-19, 21.

Plaintiff filed this civil action in the 162nd Judicial District Court for Dallas County, Texas, on October 17, 2016, asserting claims against Defendants for malicious prosecution, abuse of process, defamation, intentional infliction of emotional distress, and negligence. Defendants timely removed the case to federal court on the basis of diversity. Defendants have filed a motion for summary judgment as to all of Plaintiff's claims and causes of action. Plaintiff, who is proceeding *pro se*, did not file a written response to the summary judgment motion.[1] The Court therefore considers the motion without the benefit of a response.

**Legal Standards**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine, if the evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party. *Johnson v. World Alliance Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if its resolution could affect the outcome of the action. *Weeks*

---

[1] The Court granted Plaintiff's counsel's unopposed motion for withdrawal on August 25, 2017. *See* Order [ECF #13]. Plaintiff has been acting *pro se* since that date.

*Marine, Inc. v. Fireman's Fund Ins. Co*., 340 F.3d 233, 235 (5th Cir. 2003). The substantive law determines which facts are material. *See* Anderson, 477 U.S. at 247.

The summary judgment movant bears the initial burden of showing the absence of evidence to support the nonmovant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant satisfies this initial burden, the burden shifts to the nonmovant to show summary judgment is not proper. *Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006). To carry this burden, the nonmovant must designate specific facts in the record to show the existence of a genuine issue of material fact. *Id*. All evidence and inferences must be viewed in the light most favorable to the nonmovant. *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005).

**Analysis**

Plaintiff did not file a response to Defendants' Motion for Summary Judgment. Although Plaintiff's failure to respond does not permit the Court to enter a "default" summary judgment, the Court is permitted to accept Defendants' evidence as undisputed. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Bell v. State Farm Lloyds*, 2014 WL 1516254, at *3 (N.D. Tex. Apr. 18, 2014) (Lynn, J.). Plaintiff's failure to respond means that where Defendants have pointed to the absence of evidence to support elements of Plaintiff's claim, Plaintiff has not designated specific facts to prove the existence of a genuine issue of material fact. "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.1996) (citing *Solo Serve Corp. v. Westowne Assocs*., 929 F.2d 160, 165 (5th Cir. 1991)); *see also Larry v. White*, 929 F.2d 206, 211 n. 12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence.").

3

As Federal Rules of Civil Procedure 56(e)(2) and (3) provide, "If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2), (3).

## Statute of Limitations

Defendants move for summary judgment on Plaintiff's claims for malicious prosecution and defamation on limitations grounds. Actions for malicious prosecution and defamation are subject to a one-year statute of limitations. Tex. Civ. Prac. Rem. Code Ann. § 16.002(a) (West 2017) ("A person must bring suit for malicious prosecution, libel, [or] slander . . . not later than one year after the day the cause of action accrues.").

## Malicious Prosecution

A malicious prosecution claim accrues on the date the prosecution ends. *Mead v. Prop. Owners Ass'n of Terilingua Ranch, Inc.*, 410 S.W.3d 434, 438 (Tex. App.–El Paso 2013, no pet.). The prosecution ends when the formal criminal proceedings are terminated. *Leal v. American Nat'l Ins. Co.*, 928 S.W.2d 592, 596–97 (Tex. App.–Corpus Christi 1996, writ denied). In this case, Defendants have submitted uncontroverted summary judgment evidence showing that a Dallas County Criminal Court Judge granted the District Attorney's motion to dismiss the criminal charges against Plaintiff on October 16, 2015. Def. MSJ App., Ex. 4. Plaintiff filed this lawsuit asserting a claim for malicious prosecution on October 17, 2016—one day after the expiration of the statute of limitations. Defendants are thus entitled to summary judgment on Plaintiff's malicious prosecution claim because it is barred by limitations. *Torres v. GSC Enters., Inc.*, 242 S.W.3d 553, 561-62 (Tex. App. – El Paso 2007, no pet.) (affirming summary judgment

on limitations grounds where cause of action accrued when jury returned a not-guilty verdict on July 9, 2003, and plaintiff failed to file his malicious prosecution claim on or before July 9, 2004).

**Defamation**

A defamation claim generally accrues on the date the allegedly defamatory statement is published or spoken. *Ross v. Arkwright Mutual Ins. Co.*, 892 S.W.2d 119, 131 (Tex. App.—Houston [14th Dist.] 1994, no writ). Here, Plaintiff contends that Defendants falsely reported to the police on May 30, 2014, that Plaintiff was shoplifting from the Garland Supercenter. *See* Pl. Orig. Pet. at 3, ¶12. Yet, the undisputed evidence establishes that Plaintiff waited more than two years to file this lawsuit asserting a claim for defamation. Defendants are therefore also entitled to summary judgment on Plaintiff's defamation claim on limitations grounds.

Plaintiff's failure to raise a genuine fact issue that his abuse of malicious prosecution and defamation claims are not barred by limitations pretermits consideration of Defendants' other summary judgment arguments as to these claims.

**No Evidence**

Defendants also move for summary judgment on the ground that Plaintiff has no evidence of various essential elements of his claims for abuse of process, intentional infliction of emotional distress, and negligence. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)

(internal quotation marks omitted); *Tranman, Inc. v. Griffin*, 2013 WL 944502, at *3–4 (N.D. Tex. Mar. 12, 2013) (Lynn, J.).

**Abuse of Process**

A claim for abuse of process requires: (1) an illegal, improper, or perverted use of the process, neither warranted nor authorized by the process, (2) an ulterior motive or purpose in exercising such use, and (3) damages as a result of the illegal act. *See Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App. –Dallas 2008, no. pet.). "The 'critical aspect' of an abuse of process claim is the improper use of process *after it has been issued*." *Martinez v. English*, 267 S.W.3d 521, 528 (Tex. App. –Austin 2008, pet. denied) (original emphasis) (quoting *Preston Gate*, 248 S.W.3d at 897). An ulterior motive is not enough for an abuse of process claim. *Davis v. West*, 433 S.W.3d 101, 110 (Tex. App.–Houston [1st Dist.] 2014, pet. denied). Rather, "[t]he process must be used to 'compel[ ] a party to do a collateral thing which he would not be compelled to do' otherwise." *Id*. at 111 (quoting *Detenbeck v. Koester*, 886 S.W.2d 477, 480 (Tex. App.–Houston [1st Dist.] 1994, writ dism'd)).

Defendants argue there is no evidence they used the process at all. Indeed, the only evidence in the record regarding the use of the process is Defendant Maina's affidavit, which states in pertinent part:

> After reporting [the shoplifting] incident to the Police, I had no involvement in determining whether the authorities would charge Mr. Greer with a crime or whether the district attorney's office would otherwise pursue the matter. I did not work for the Police or district attorney's office and had no responsibility or involvement in determining whether or how to pursue formal charges against Mr. Greer.

Def. MSJ App., Ex. 2 at 3, ¶10. Plaintiff did not respond to Defendants' arguments or point to any evidence in the record to establish a genuine fact issue as to whether either Defendant made

6

improper use of the process after it issued. The uncontroverted summary judgment thus establishes that Defendants did not abuse the process after it was issued; they merely reported the May 30, 2014, shoplifting activity and Defendant's alleged involvement in that activity to law enforcement. The Court concludes that Defendants are entitled to summary judgment on Plaintiff's claims for abuse of process. *See Young v. Parent*, 2017 WL 1173895, at * (Tex. App.–Houston [1st Dist.] Mar. 30, 2017, no pet.) (affirming summary judgment in favor of the defendant where the evidence showed the defendant made a false statement to law enforcement, with an ulterior motive, but there was no evidence the defendant was involved in the prosecution once it was initiated).

**Intentional Infliction of Emotional Distress**

To prevail on his claim for intentional infliction of emotional distress, Plaintiff must prove that (1) Defendants acted intentionally or recklessly; (2) Defendants' conduct was extreme and outrageous; (3) Defendants' actions caused Plaintiff emotional distress; and (4) the emotional distress suffered by Plaintiff was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). Under Texas law, extreme and outrageous conduct is conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (1965)); *see also Ugalde v. W.A. McKenzie Asphalt Co.*, 990 F.2d 239, 243 (5th Cir. 1993). To determine whether a defendant's conduct is extreme and outrageous, the court considers the context, including the relationship between the parties and the defendant's motive. *See, e.g., Tiller v. McLure*, 121 S.W.3d 709, 713-14 (Tex. 2003); *Tex. Farm Bureau Mut. Ins. Cos. V. Sears*, 84 S.W.3d 604, 612 (Tex. 2002).

Here, the uncontroverted summary judgment evidence establishes that Defendants identified and reported Plaintiff to the police after Defendant Maina personally observed a shoplifting incident on May 30, 2014, and obtained information from another Wal-Mart employee identifying the suspected shoplifter as Plaintiff, who Maina has sworn he did not know. Maina Aff., ¶¶3-4, 7. After Defendants reported Plaintiff to the police, they had no continued involvement in the matter. *Id.* at 3, ¶10. Defendants had no role in determining whether the authorities would charge Plaintiff with a crime. *Id.* Plaintiff has come forward with no evidence of a bad motive on the part of Defendants or that any aspect of the parties' relationship affected Defendants' decision to report Plaintiff's name to the authorities as a suspected shoplifter, based on the identification by another Wal-Mart employee. The summary judgment record thus does not raise a genuine fact issue as to whether Defendants' conduct rose to the level of extreme and outrageous conduct, as required to support a claim. *See Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 757 (5th Cir. 2001) (upholding grant of summary judgment in favor of merchant under Louisiana law which, like Texas law, sets a very high threshold on conduct sufficient to sustain an emotional distress claim, where the plaintiff, a customer, was arrested for shoplifting based on a store employee's report that the customer concealed merchandise under her jacket and on a security guard's observations of the customer). Accordingly, the Court finds that summary judgment is appropriate in favor of Defendants on Plaintiff's intentional infliction of emotional distress claim.

**Negligence**

Finally, the essential elements of Plaintiff's negligence claim are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Under Texas

law, a person has a duty to exercise reasonable care to avoid foreseeable injury to others. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987). Foreseeability for purposes of establishing a legal duty in a negligence case means that the actor, as a person of ordinary intelligence, should have anticipated the dangers his negligence created. *Alcoa, Inc. v. Behringer*, 235 S.W.3d 456, 460 (Tex. App.—Dallas 2007, pet. denied). To establish a breach of duty, a plaintiff must show that a defendant either did something an ordinarily prudent person exercising ordinary care would not have done under the circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care. *Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App.—Dallas 2004, pet. denied).

Plaintiff cannot prevail on his negligence claim because there is no evidence that Defendants breached a duty of care owed to Plaintiff when they reported to the police on May 30, 2014, that they suspected Plaintiff of shoplifting. The only evidence in the record establishes that Defendant Maina reported Plaintiff to the police after Maina personally observed a suspect conceal merchandise in his pants and leave the store without paying for the merchandise. Maina Aff., ¶¶3-5. Another store employee told Maina he recognized Plaintiff as a former Wal-Mart employee and told Maina Plaintiff's name. *Id.*, ¶7. Maina acted as an ordinarily prudent person, exercising ordinary care under the same circumstances, would act. Plaintiff has not pointed to any evidence that raises a fact question that Defendant failed to do anything that an ordinarily prudent person would have done in the exercise of ordinary care under the same circumstances. Accordingly, Defendants are entitled to summary judgment on Plaintiff's negligence claim.

Plaintiff's failure to respond to Defendants' summary judgment motion and identify competent evidence sufficient to raise a genuine fact issue as to an essential element on each of

9

his claims for abuse of process, intentional infliction of emotional distress, and negligence pretermits consideration of Defendants' other arguments as to these claims.

## Conclusion

Defendants' Motion for Summary Judgment [ECF #17] is GRANTED. All of Plaintiff's claims and causes of action are DISMISSED with prejudice.

SO ORDERED.

Dated: December 19, 2017.

*[signature]*
BARBARA M.G. LYNN
CHIEF JUDGE